Howard T. Hogan, J.
Plaintiff in an action for a permanent injunction, moves for an order restraining the defendants pendente lite, from making purchases, incurring expenses or approving or certifying any claims for payment in the name of the Board of Elections of Suffolk County, from appointing any new employees of or for the board, from auditing and approving such payments or payrolls, and from making any such payments. Defendants, who are respectively the sole present member of the Board of Elections, the Auditor, and the Treasurer, of Suffolk County, cross-move to dismiss the complaint on the ground that it does not state a cause of action.
It is alleged in substance by plaintiff that the Board of Elections of Suffolk County consists of two commissioners appointed by the Board of Supervisors of the county, that they are charged with the duty of operating their office and appointing employees, that a vacancy exists on said board by reason of the fact that one member resigned on December 30, 1958, and his successor has not yet been appointed, that at this time, because of said vacancy, a Board of Elections does not exist in Suffolk County, that any claims, demands and payrolls, which are charges against the County of Suffolk cannot be audited or paid unless certified and approved by the board, that clerks and employees of the Board of Elections may be appointed only by the board and that the defendants threaten and intend to certify, audit and pay charges against the county, and payrolls and to appoint employees, all in violation of the applicable law.
Subdivision 8 of section 52 of the Election Law provides that members of the board shall be nominated by the Chairmen of the County Committee of their respective political parties, from which nominees the Board of Supervisors shall then appoint the members of the Board of Elections. It appears that the Chairman of the Democratic County Committee nominated himself, that the Board of Supervisors found him not qualified and declined to appoint him, that he refused to make another nomination and that as a result a vacancy exists in the board.
*164 It has been held that where the number of members constituting a board has been fixed by law, if a vacancy occurs the board ceases to exist as such (Matter of Gray v. Maislen, 17 Misc 2d 161). It would follow that there is presently no Board of Elections which can maintain an office, make expenditures, appoint employees and otherwise carry out the functions delegated to it by law.
However, this state of affairs, if permitted to continue, would result in the disenfranchisement of the voters of Suffolk County and the denial or impairment of their rights to register and to examine registration records, all of which are protected by section 1 of article I and section 1 of article II of the Constitution of the State of New York. To the extent that the operation of any statute defeats or impairs these rights, it must yield to the aforesaid constitutional provisions.
It is not the function of the court to determine or even comment upon the dispute between the Board of Supervisors and the Chairman of the Democratic County Committee of Suffolk County, but it is charged with the duty of protecting the constitutional rights of its citizens while this stalemate exists. No one has availed himself of the remedies which subdivision 8 of section 52 of the Election Law appear to provide for such circumstances, so the court is limited to treating solely with the prayer for an injunction. Accordingly, it denies this motion to the extent that it will not enjoin the defendants, pending the trial of this action, from maintaining the offices of the Board of Elections, carrying out their ordinary functions, making ordinary expenditures for these purposes, and certifying and paying presently existing payrolls. The defendants, however, will be enjoined from appointing any new employees to the Board of Elections, from making, certifying and paying any extraordinary or unnecessary expenditures or disbursements or incurring any unnecessary obligations on behalf of the Board of Elections.
Settle order on notice.