Mario Pittoni, J.
Application by the Village of Farmingdale for an order, pursuant to article 78 of the Civil Practice Act, (1) reviewing and annulling the decision of the respondent Planning Commission of the County of Nassau which disapproved the resolution of the Board of Trustees of the Incorporated Village of Farmingdale rezoning certain premises, (2) directing the clerk of the Planning Commission to note that the resolution of dis *728 approval by the Planning' Commission failed of adoption, and (3) for a judgment declaring the purported action of the respondents in disapproving the amendment to the zoning ordinance illegal and beyond the jurisdiction of the respondents.
Prior to September 19, 1960 the premises known as Lot 225, Block B, Section 49 on the Land and Tax Map of the County of Nassau, was in the unincorporated area of the Town of Oyster Bay. Under the zoning ordinances of that town the premises were in a Residence B district wherein a minimum building plot of one acre was required. On September 19, 1960, as the result of annexation proceedings, the subject property became a part of the Village of Farmingdale. Thereafter proceedings were commenced to rezone this property so that the minimum area for building would be less. On March 13, 1961, the Board of Trustees of the village adopted a resolution rezoning the premises to a Residence “ AAA ” district, requiring a minimum plot of 12,500 square feet. Since the property was within 300 feet of an unincorporated area of the town, the ordinance was submitted to the Planning Commission for approval, as required by section 1608 of the County Government Law of Nassau County. A resolution disapproving of the change in zone was adopted by three members of the Planning Commission on April 4, 1961, after a public hearing.
It is the contention of the petitioner village that the Planning Commission could not disapprove the zoning change since a vacancy existed on the Planning Commission.
With that contention I agree. Section 1601 of the County Government Law, as amended May 1, 1955, provides for a five-member County Planning Commission. Here, on April 4, 1961, one vacancy existed. This vacancy could have been filled by appointment (§ 1601). It must be assumed that since the Legislature provided for the filling of vacancies that the power therein conferred would be exercised promptly by the County Executive (County Government Law, § 203). As the late Mr. Justice Stoddaet wrote in Matter of Gray v. Maislen (17 Misc 2d 161, 162): “As the statute provides for a five-member board, there must be five appointed even though all need not be present to conduct a meeting.” (See, also, Ahern v. McNab, 17 Misc 2d 162, Hogan, J.; Matter of Clearview Gardens Fifth Corp. v. Murdock, 12 A D 2d 521; People ex rel. Henry v. Nostrand. 46 N. Y. 375, 383.)
In the Nostrand case the court said: “ The only remaining question is, whether the other two commissioners could act while the vacancy existed? I think not. * * * The power was delegated to three persons, not to their survivors or to a *729 majority, and provision was made to fill vacancies, so that three should at all times be in office.”
Since the Planning Commission was not in existence by reason of the vacancy, it follows that the submission made by the petitioner did not comply with section 1608. The petitioner may not urge that the commission did not exist for the purpose of defeating its resolution, and then claim it did exist for the purpose of receiving a submission of the amendment to the zoning ordinances.
Pursuant to section 1300 of the Civil Practice Act, in a proceeding of this nature, the court “ may annul or confirm, wholly or partly, or modify the determination reviewed, as to any or all the parties, and may direct appropriate action or inaction by the respondent.” Under the circumstances the petitioner is directed to submit the amendment, as provided in section 1608, to the five-member Planning Commission, which is the respondent in this proceeding.
Insofar as declaratory judgment is sought, such relief is not obtainable in an article 78 proceeding. Moreover, the petitioner, after recognizing the discretionary power vested in the Planning Commission pursuant to section 1608 of the County Government Law may not in the same proceeding attack the legality of the aforesaid section (Matter of Diocese of Rochester v. Planning Bd., N Y 2d 508).
Accordingly the application is granted to the extent of declaring that no submission or decision was made pursuant to section 1608, and directing a submission to the respondent Planning Commission; in all other respects it is denied.