■ In the Matter of the INCORPORATED VILLAGE OF FARMINGDALE, Respondent-Appellant, v. LESTER INGLIS et al., Constituting the Planning Commission of the County of Nassau, et al., Appellants-Respondents.— In a proceeding under article 78 of the Civil Practice Act: (1) to annul a determination of the respondent Nassau County Planning Commission, made April 4, 1961, which adhered to its determination of February 28, 1961, and disapproved a rezoning resolution of the petitioner, the Incorporated Village of Farmingdale; and (2) for a judgment to declare such determination to be illegal and beyond said respondent's jurisdiction, the parties cross appeal from so much of an order of the Supreme Court, Nassau County, entered July 7, 1961, upon the decision of the court, as declared that no submission to the respondent commission and its clerk was made as required by statute (County Government Law of Nassau County, § 1608) and as directed such submission. The petitioner also appeals from the denial " otherwise " of its application by such order. Order modified on the law by striking out the provision declaring that no submission was made and directing such submission, and by substituting therefor a provision dismissing the proceeding. As so modified, the order, insofar as it " otherwise " denied petitioner's application, is affirmed, without costs. The facts are affirmed. The commission's disapproval of the village zoning amendment on February 28, 1961 was a valid determination made in conformity with section 1608 of the County Government Law of Nassau County, otherwise known as the Nassau County Charter. There being one vacancy, such disapproval was accomplished by four members of the five-member commission. The doctrine announced in *People ex rel. Henry* v. *Nostrand* (46 N. Y. 375, 383), as distinguished in *People ex rel. Kingsland* v. *Palmer* (52 N. Y. 83, 87) and in *People ex rel. Howlett* v. *Mayor* (63 N. Y. 291, 297), is no longer relevant. So far as it related to members of a commission numbering three or more whose appointments to vacancies could be readily made, its application required, as a prerequisite to a valid determination, the meeting and consultation of a full complement of commissioners, even though the actual decision was then made by a majority only. That doctrine was founded upon a statute (2 Rev. Stat. of N. Y., part III, ch. VIII,

tit. XVII, § 27, p. 555) which mandated a majority vote but "upon a meeting of all the persons or officers so entrusted or empowered". In contrast, present section 41 of the General Construction Law, as amended by chapter 320 of the Laws of 1948, is pertinent. It provides that a "majority of the whole number may perform and exercise such power, authority or duty", and, significantly, it defines the words "whole number" as the total number "were there no vacancies and were none of the persons or officers disqualified from acting" (cf. *Town of Smithtown* v. *Moore*, 11 N Y 2d 238). It is the sense of the latter definition that, as long as the lawfully required proportion of the whole number exercises the power, the authority or the duty for which the commission was created, a vacancy does not *per se* render the commission powerless to perform its obligation. The characterization by the village of its resolution of January 23, 1961, as one made prior to taking final action pursuant to section 239-m of the General Municipal Law, was erroneous. Nothing remained to be done; it had been resolved that the land "hereby is rezoned". In consequence, the commission properly deemed the resolution to be one filed under section 1608 of the Nassau County Charter. Disapproval was registered by a vote in excess of the required two thirds. That disapproval was never vacated. A subsequent supplemental hearing was had on April 4, 1961, at the conclusion of which the commission decided to adhere to its determination of February 28, 1961. It is immaterial that only three commissioners voted for such subsequent resolution of adherence. If it be assumed that in this proceeding the village can be heard to contend that the statute creating the commission is unconstitutional in that it delegated legislative power without enumeration of standards within which to perform (cf. *Matter of Diocese of Rochester* v. *Planning Bd.*, 1 N Y 2d 508, 519, 520), we regard the specification of standards as impossible and, hence, unnecessary (*Matter of Kohnberg* v. *Murdock*, 6 A D 2d 876, affd. 6 N Y 2d 937; *Matter of City of Utica* v. *Water Control Bd.*, 5 N Y 2d 164). The commission is concerned only with veto power over zoning which would disrupt the use of contiguous land on each side of political boundary lines to a depth of 300 feet. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur. [29 Misc 2d 727.]