In the Matter of WILLIS H. STEPHENS et al., Appellants, v JAMES GORDON et al., Respondents, and CATSKILL REGIONAL OFF-TRACK BETTING CORPORATION, Intervenor-Respondent. [610 NYS2d 531] —In a proceeding, *inter alia,* pursuant to CPLR article 78 to review Resolution No. 256 of the Putnam County Legislature, which was passed on August 7, 1990, and which provides for Putnam County to join the Catskill Regional Off-Track Betting Corporation, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Putnam County (Ruskin, J.), dated April 11, 1991, which dismissed the proceeding on the ground that the petitioners lack standing.

Ordered that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

On September 4, 1990, the Putnam County Legislature overrode the County Executive's veto of Resolution No. 256, which provides for Putnam County to join the Catskill Regional Off-Track Betting Corporation (hereinafter OTB). The petitioners, Willis H. Stephens and Douglas Scolpino, the Town Attorney and the Supervisor, respectively, of the Town of Southeast, brought this proceeding pursuant to CPLR article 78 in their individual capacities. They seek to set aside Resolution No. 256 on the ground that the Putnam County Legislature failed to comply with the requirements of the

State Environmental Quality Review Act (hereinafter SEQRA).

We agree with the Supreme Court that the petitioners lack standing. In general, in order to qualify for standing to raise a SEQRA challenge, a party must demonstrate (1) an injury in fact, i.e., an injury that is different from that of the public at large, and (2) that the alleged injury falls within the zone of interest sought to be promoted or protected by the statute *(see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761; *Chase v Board of Educ.,* 188 AD2d 192). However, when the premises that are the subject of an administrative agency's action are a party's property or are in close proximity to a party's property, that party may be presumed to be adversely affected by a SEQRA violation and need not allege a specific harm *(see, Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524; *Matter of Friends of Woodstock v Town of Woodstock Planning Bd.,* 152 AD2d 876; *see also, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406).

Here, since no specific betting parlor sites had been chosen when the petitioners commenced this proceeding, they cannot be presumptively aggrieved by the adoption of Resolution No. 256 *(cf., Matter of Har Enters. v Town of Brookhaven, supra).* Therefore, the petitioners must show an injury that is "different in kind and degree from [that of] the community generally" *(Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra,* 69 NY2d, at 413). The specific harm alleged by the petitioners, i.e., that they will have to pay additional taxes to offset the property that will be removed from the Town of Southeast's tax rolls when it is purchased by OTB, is insufficient to raise a SEQRA challenge *(see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433; *Montes Waste Sys. v Town of Oyster Bay,* 199 AD2d 493; *Matter of Valhalla Union Free School Dist. v Board of Legislators,* 183 AD2d 771, 772-773). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.