■ In the Matter of LONG ISLAND PINE BARRENS SOCIETY, INC., et al., Appellants-Respondents, v PLANNING BOARD OF THE TOWN OF BROOKHAVEN et al., Respondents, and DAKA REALTY COMPANY, Respondent-Appellant. [623 NYS2d 613] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Planning Board of the Village of Lake Grove, dated April 6, 1992, which granted preliminary subdivision approval for a proposed residential construction project to be built by the respondent Daka Realty Company, the petitioners appeal from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Baisley, J.), entered March 18, 1994, as is in favor of the respondents and against them denying the petition and dismissing the proceeding for lack of standing, and the respondent Daka Realty Company cross-appeals from so much of the same order and judgment as denied its motion for sanctions.

Ordered that the order and judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the appellants-respondents to the respondent-appellant and the respondent Planning Board of the Village of Lake Grove appearing separately and filing separate briefs.

The question posed on this appeal is whether the petitioners are proper persons to challenge the action of the Village of Lake Grove Planning Board (hereinafter the Planning Board), which, as the designated lead agency responsible for conducting the environmental review mandated by SEQRA *(see,* ECL art 8), issued a negative declaration and granted preliminary

subdivision approval for a 121-unit residential real estate project to be developed by the respondent Daka Realty Company in a designated Special Groundwater Protection Area. With reference to the causes of action asserted against the Planning Board, the Supreme Court determined that the petitioners did not have standing to challenge the Planning Board's determination and, therefore dismissed the proceeding.

We agree with the Supreme Court that the petitioners lack standing to mount this SEQRA-based challenge against the Planning Board. The burden of establishing standing to raise this claim rests upon the petitioners *(see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 769), who must demonstrate (1) that they will suffer an environmental injury in fact, *i.e.,* an environmental "injury that is in some way different from that of the public at large", and (2) that the alleged injury falls within the zone of interest sought to be promoted or protected by the statute under which the governmental action was taken *(Society of Plastics Indus. v County of Suffolk, supra,* at 772-773; *see also, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433). In meeting this burden, parties whose property is either the subject of the challenged administrative determination or lies in close proximity to the subject property are the beneficiaries of a presumption that they are adversely affected by the alleged SEQRA violation and, accordingly, need not allege a specific harm *(see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, supra; Matter of Stephens v Gordon,* 202 AD2d 437).

Here, the individual petitioners may not avail themselves of this presumption because they have not demonstrated that their property lies in close proximity to the parcel to be developed. Therefore, the individual petitioners must demonstrate that they would suffer an environmental injury which is "in some way different from that of the public at large" *(Society of Plastics Indus. v County of Suffolk, supra,* at 774; *see also, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, supra,* at 433). The individual petitioners have failed to meet this burden. Indeed, their generalized allegations that this project will have a deleterious impact upon the aquifer lying beneath the South Setauket Pine Barrens are insufficient to establish their standing to raise this claim. That is, the subject allegations do not demonstrate that the individual petitioners will suffer an environmental injury which is any way "different in kind and degree from the community gener-

ally" *(Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 413).

Similarly, the Long Island Pine Barrens Society lacks standing because it has failed to meet the "key" requirement to organizational standing; *i.e.,* that "one or more of [the Society's] members would have standing to sue" *(Society of Plastics Indus. v County of Suffolk, supra,* at 775).

We have examined the respondent Daka Realty Company's contention that the Supreme Court erred in declining to impose sanctions on the petitioners and find it to be devoid of merit. Thompson, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.