■ In the Matter of THOMAS K. HAND, Respondent, v CHAIRMAN OF THE WORKERS' COMPENSATION BOARD et al., Appellants. [637 NYS2d 186] —In a proceeding pursuant to CPLR articles 78 and 75 to vacate or modify two arbitration awards, both dated July 26, 1993, issued pursuant to Workers' Compensation Law § 13-*l* (6), the Chairman, Workers' Compensation Board, and State Insurance Fund appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Ramirez, J.), entered May 25, 1994, which granted the petition.

Ordered that the order and judgment is reversed, on the law, the two awards are reinstated, the branch of the petition which seeks to vacate the award for the treatment of Dawn Heffran is dismissed as withdrawn, and the other branch of the petition is denied and is thereupon dismissed; and it is further,

Ordered that the arbitration award in the sum of $492.16 for the treatment of Boris Mustac is confirmed; and it is further,

Ordered that the appellants, appearing separately and filing separate briefs, are awarded one bill of costs.

The petitioner, a licensed chiropractor authorized to treat Workers' Compensation claimants, submitted bills for the treatment of Boris Mustac to his employer's Workers' Compensation carrier, the appellant State Insurance Fund. He also submitted bills for the treatment of Dawn Heffran to her employer's Workers' Compensation carrier, Liberty Mutual Insurance Company (hereinafter Liberty Mutual). Both carriers disputed the amounts of the bills and the petitioner demanded arbitration.

The arbitration hearing was held before one member of the Chiropractic Practice Committee (hereinafter the Committee) in accordance with the rules and regulations promulgated under the Workers' Compensation Law (*see, 12 NYCRR 347.6).

By statute, the Committee is to be comprised of three members (*see*, Workers' Compensation Law § 13-*l* [9]), but, at the time of the arbitration, one position was vacant. A decision by two members of the Committee is binding (see, Workers' Compensation Law § 13-*l* [6]; 12 NYCRR 347.7).

As authorized by the regulations, the arbitrator conferred with the other Committee member (*see*, 12 NYCRR 347.7) and the Committee issued separate arbitration awards for the Mustac treatment and for the Heffran treatment, each awarding the petitioner less than the amounts he had billed.

The petitioner then commenced this proceeding to vacate both awards, but subsequently withdrew his application to vacate the award in the Heffran matter because Liberty Mutual had not been named or served. The Supreme Court granted the petition on the ground that the Committee was improperly composed because of the vacancy and, despite the withdrawal of so much of the petition as involved Heffran, vacated both awards.

We note that the court improperly vacated the award in the Heffran matter inasmuch as the petitioner withdrew that portion of his application.

Contrary to the petitioner's contention and the Supreme Court's conclusion, the vacancy on the Committee did not render its decision unlawful. The Mustac award was properly issued by a majority of the total Committee membership of three (*see*, General Construction Law § 41; Workers' Compensation Law § 13-*l* [6]; *Matter of Incorporated Vil. of Farmingdale v Inglis*, 17 AD2d 655).

We find no merit to the petitioner's remaining objections to the arbitration proceeding and, therefore, reject his argument that the order and judgment should be affirmed on alternate grounds. Altman, J. P., Hart, Friedmann and Krausman, JJ., concur.