■ In the Matter of EMPIRE STATE RESTAURANT & TAVERN ASSOCIATION, INC., et al., Appellants, v MARK RAPOPORT et al., Respondents. [658 NYS2d 687] —In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Board of Health, dated April 2, 1996, in the form of a negative declaration pursuant to the State Environmental Quality Review Act (ECL 8-0101 *et seq.*), regarding the amendments to the Westchester County Sanitary Code Article XX which further restricted smoking in food-service establishments, and an action for a judgment declaring the April 1, 1996, amendments to the Westchester County Sanitary Code Article XX to be null and void, the appeal is from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered July 11, 1996, which, *inter alia*, denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by (1) deleting therefrom the provision declaring that the petitioners have standing to bring the proceeding and substituting therefor a provision declaring that the petitioners do not have standing to bring the proceeding, (2) deleting therefrom the provision that the negative declaration by the respondent Board of

Health of the County of Westchester was not arbitrary and capricious, and (3) adding thereto a provision declaring that the April 1, 1996, amendments to the Westchester County Sanitary Code Article XX are valid; as so modified, the judgment is affirmed, with costs to the respondents.

The two vacancies on the thirteen-member Board of Health of the County of Westchester (hereinafter the Board), when the Board adopted the amendments to the Westchester County Sanitary Code Article XX by a vote of 10 to 1, did not render the adoption of the amendments invalid (*see*, General Construction Law § 41; *Matter of Wolkoff v Chassin*, 89 NY2d 250; *Matter of Town of Smithtown v Howell*, 31 NY2d 365; *Rockland Woods v Incorporated Vil. of Suffern*, 40 AD2d 385; *Matter of Incorporated Vil. of Farmingdale v Inglis*, 17 AD2d 655).

Contrary to the Supreme Court's determination, the petitioners lack standing to mount this SEQRA-based challenge against the Board. To qualify for standing to raise a SEQRA challenge, a party must demonstrate that it will suffer an injury that is environmental and not solely economic in nature (*see*, *Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 687; *Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428, 433). Here, the individual petitioners failed to demonstrate that they would suffer any environmental injury as a result of the prohibition of smoking in restaurant dining areas (*see*, *Matter of Stephens v Gordon*, 202 AD2d 437; *Montes Waste Sys. v Town of Oyster Bay*, 199 AD2d 493). Similarly, the petitioner Empire State Restaurant & Tavern Association lacks standing because it failed to meet the key requirement to organizational standing; i.e., that "one or more of its members would have standing to sue" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 775; *see*, *Matter of Long Is. Pine Barrens Socy. v Planning Bd.*, 213 AD2d 484, 486). Because the CPLR article 78 proceeding should have been dismissed for lack of standing, the Supreme Court erred in addressing whether the Board's determination was arbitrary and capricious.

Finally, with respect to the action for declaratory relief, which the appellants had standing to seek, the Supreme Court should have directed the entry of a declaration in favor of the Board (*see*, *Lanza v Wagner*, 11 NY2d 317, 334, *cert denied* 371 US 901). O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.