■ In the Matter of OPEN SPACE COUNCIL, INC., et al., Appellants, v PLANNING BOARD OF TOWN OF BROOKHAVEN et al., Respondents. [666 NYS2d 191] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Planning Board of the Town of Brookhaven, dated February 21, 1995, granting site plan approval for a project designated the Brookhaven Town Center, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Berler, J.), entered August 8, 1996, which "denied [the petition] in its entirety".

Ordered that the judgment is modified, on the law, by deleting from the decretal paragraph thereof the words "denied in its entirety" and substituting therefor the words "dismissed

insofar as asserted by the petitioners Brookhaven Village Association; Long Island Neighborhood Network, Inc.; Hedges Creek Civic Association; Long Island Progressive Coalition, Inc.; Act Now, Inc.; Rose Zahler; Jeff Fullmer; and Adrenne Esposito" and by adding thereto a provision severing the proceeding insofar as asserted by the petitioners Open Space Council, Inc., and Diane Schneider; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the petition insofar as asserted by the petitioners Open Space Council, Inc., and Diane Schneider.

The respondent Breskel Shopping Center Associates seeks to develop a shopping mall in the Town of Brookhaven. The mall would be comprised of 1.97 million square feet and would be located on 150.3 acres. The project is part of the contemplated development of a 2,097.5 acre parcel known as North Shore Properties.

The 10 petitioners are various individuals and community groups who have challenged the site plan approval on environmental grounds. The Supreme Court dismissed the petition, *inter alia,* on the ground that none of the petitioners has standing. In their brief, the petitioners have confined their argument to the standing of two petitioners, Open Space Council, Inc., and Diane Schneider.

Schneider owns a condominium unit in the Whispering Pines condominium complex which is adjacent to the 150.3 acre site that will be developed as a mall. However, Schneider's particular unit is approximately one-half mile from the site. For this reason, the Supreme Court concluded that Schneider has not demonstrated that she would suffer environmental harm different from the public at large and therefore did not have standing to bring this proceeding (*see, Society of Plastic Indus. v County of Suffolk,* 77 NY2d 761). We disagree.

The site plan approval at issue expressly recognizes that the Whispering Pines condominium complex may be adversely effected by the project in a manner greater than the public at large. Specifically, the site plan approval issued for the project requires the respondent to improve the "entry point" on Yaphank Woods Boulevard for the Whispering Pines/Colonial Woods Homeowner's Association. Additionally, the record establishes that the condominium will be impacted by traffic problems, problems related to a sewage treatment plant on the project site, and noise and traffic problems related to the construction of the mall. Under such circumstances, Schneider, as an owner of a condominium unit in Whispering Pines, has

demonstrated sufficient potential injury-in-fact to sustain her burden of establishing standing (*see, Society of Plastic Indus. v County of Suffolk, supra; see also, Community Bd. 7 v Schaffer,* 84 NY2d 148, 154-155; *Matter of Parisella v Town of Fishkill,* 209 AD2d 850, 851; *Matter of Casement v Town of Poughkeepsie Planning Bd.,* 162 AD2d 685, 687). In view of this determination, we do not reach the issue of whether Schneider's proximity to the site confers standing based on a presumption of environmental harm (*see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 410; *Matter of Long Is. Pine Barrens Socy. v Planning Bd.,* 213 AD2d 484, 485).

Schneider's status as a member of the petitioner Open Space Council, Inc., confers associational standing upon that organization (*see, Society of Plastic Indus. v County of Suffolk, supra,* at 775).

The respondents' argument with respect to the alleged defective verification of the petition is without merit (*see,* CPLR 7804 [d]; 3020 [d]; *see also, Matter of Rose v Smith,* 220 AD2d 922; *Matter of Ireland v Town of Queensbury Zoning Bd. of Appeals,* 169 AD2d 73, 76; *Matter of Lentlie v Egan,* 94 AD2d 839, 840, *affd* 61 NY2d 874; *Matter of Houghwot v Town of Kiantone,* 69 AD2d 1011).

The parties' remaining contentions are without merit. Bracken, J. P., Sullivan, Santucci and Luciano, JJ., concur.