■ In the Matter of BRIDON REALTY COMPANY et al., Appellants, v TOWN BOARD OF THE TOWN OF CLARKSTOWN et al., Respondents. [672 NYS2d 887] —In a proceeding, *inter alia,* pursuant to CPLR article 78 to review a determination of the respondent Town Board of the Town of Clarkstown, dated September 10, 1996, granting an application to rezone a 6.7-acre parcel of property, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Weiner, J.), dated June 26, 1997, which dismissed the proceeding upon the ground that the petitioners lacked standing.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The petitioners are the owner and primary tenant of a strip shopping center located on Route 59 in Central Nyack, New York. The petitioners commenced this proceeding to challenge the rezoning of a parcel of property in the adjoining hamlet of West Nyack from a manufacturing district to a regional shopping district. They allege, among other things, that they have standing to claim that the rezoning violated the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) because the proposed construction of a large new supermarket on the rezoned parcel would exacerbate flooding and traffic congestion on Route 59, and potentially delay customers and discourage them from shopping at the petitioners' shopping center.

Contrary to the petitioners' contention, the Supreme Court properly concluded that they lack standing to challenge the respondent Town Board's rezoning determination as violative of SEQRA. In order to demonstrate standing to raise a SEQRA challenge, the petitioners must show that the rezoning determination would potentially cause them to suffer an "injury in fact" which falls within the "zone of interests" sought to be

promoted or protected by the statute (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 773; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals*, 69 NY2d 406). Since the zone of interests, or concerns, of SEQRA encompasses the impact of agency action on the relationship between the citizens of this State and their environment (*Society of Plastics Indus. v County of Suffolk, supra,* at 777), the petitioners must demonstrate a potential injury which is "environmental and not solely economic in nature" (*Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433).

Here, the petitioners' property is not in such close proximity to the rezoned parcel as to create an inference of injury in fact (*see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra,* at 414; *Matter of Darlington v City of Ithaca,* 202 AD2d 831, 832), and the petitioners do not allege that their property will suffer direct environmental harm from flooding or traffic congestion in the vicinity of the rezoned parcel. Furthermore, although the petitioners have couched their allegations in terms of potential environmental harm, it is clear that the only special injury they are alleging is a potential economic one, which is not within SEQRA's zone of interests. Accordingly, the Supreme Court properly dismissed the petition (*see, Society of Plastics Indus. v County of Suffolk, supra; Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, supra; Matter of Fox v Favre,* 218 AD2d 655; *Matter of Big V Supermarkets v Town of Wallkill,* 154 AD2d 669, 670).

The petitioners' remaining contentions are without merit. Mangano, P. J., Rosenblatt, Joy and Krausman, JJ., concur.