■ In the Matter of LONG ISLAND PINE BARRENS SOCIETY, INC., et al., Appellants, v TOWN OF ISLIP et al., Respondents. [690 NYS2d 95] —In a proceeding, *inter alia,* pursuant to CPLR article 78 to review a determination by the respondent Town Board of the Town of Islip, dated March 11, 1997, to sell a certain parcel of real property, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Stark, J.), entered December 2, 1997, which, upon an order granting the respondents' motion to dismiss, denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with one

bill of costs, the order is vacated, the motion is denied and the petition is reinstated.

The petitioners seek to review a determination of the respondent Town Board of the Town of Islip which granted permission to the respondent Peter McGowan, Islip Town Supervisor, to sell an 88-acre parcel of real property owned by the Town. The petitioners assert that the parcel is part of the westernmost portion of the Long Island Pine Barrens, an environmentally-sensitive area (see, ECL art 55). They allege, inter alia, that the sale did not conform to the requirements of the State Environmental Quality Review Act (see, ECL art 8). The respondents moved to dismiss the proceeding based, inter alia, on the petitioners' alleged lack of standing and the Supreme Court granted the motion on that ground. We reverse and reinstate the petition.

It is well settled that, in land use matters, "the plaintiff, for standing purposes, must show that it would suffer direct harm, injury that is in some way different from that of the public at large * * * This requirement applies whether the challenge to governmental action is based on a SEQRA violation, or other grounds" (Society of Plastic Indus. v County of Suffolk, 77 NY2d 761, 774). We conclude that, under the facts of this case, the three individual petitioners have made such a showing. Specifically, the petitioners allege that they have experienced a problem with rust in their drinking water and that the Suffolk County Water Authority has performed tests on the subject parcel to determine whether wells on that parcel might serve as a replacement source of water. Significantly, in a resolution issued July 15, 1996, the respondent Town Board specifically authorized those tests, while expressly acknowledging that various "Islip families * * * have experienced rust problems in their potable water supply".

We reject the argument that the individual petitioners have only made generalized allegations that the sale will have a "deleterious impact" upon their water supply (see, Matter of Long Is. Pine Barrens Socy. v Planning Bd., 213 AD2d 484, 485). Rather, under the particular circumstances presented, the individual petitioners have established sufficient potential injury in fact to sustain their burden of establishing standing (see, Society of Plastic Indus. v County of Suffolk, supra; Matter of Open Space Council v Planning Bd., 245 AD2d 378; Matter of Many v Village of Sharon Springs Bd. of Trustees, 218 AD2d 845; Chase v Board of Educ., 188 AD2d 192; see also, Community Bd. 7 v Schaffer, 84 NY2d 148, 154-155).

Since it is uncontroverted that the individual petitioners are

members of the petitioner Long Island Pine Barrens Society, Inc., their standing is attributable to that organization and its Executive Director (*see, Society of Plastic Indus. v County of Suffolk, supra,* at 775; *cf., Rudder v Pataki,* 93 NY2d 273).

The parties' remaining contentions are without merit. O'Brien, J. P., Friedmann, H. Miller and Smith, JJ., concur.