■ In the Matter of WEST BRANCH CONSERVATION ASSOCIATION et al., Respondents, v TOWN OF RAMAPO et al., Appellants, et al., Respondent. [726 NYS2d 137] —In a hybrid proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the Town Board of the Town of Ramapo, dated February 18, 1999, granting an application by Stuart's Outdoor Living, d/b/a/ Down to Earth Nursery, and Orchards of Concklin, to rezone the subject property for commercial development, and an action for a judgment declaring that Resolution No. 99-131 and Local Laws, 1999, No. 1 of the Town of Ramapo, which amended the Zoning Ordinance of the Town of Ramapo to rezone the subject property for commercial development, are arbitrary and capricious and contrary to law, the Town of Ramapo, the Town Board of the Town of Ramapo, and Herbert Reisman, as Supervisor of the Town of Ramapo, appeal from (1) a decision of the Supreme Court, Rockland County (Bergerman, J.), dated January 19, 2000, and (2), as limited by their brief, from so much of an order and judgment (one paper) of the same court, entered March 17, 2000, as granted the petitioners' motion for summary judgment on the first cause of

action, denied their cross application for summary judgment dismissing the first through fourth causes of action, and declared invalid, as arbitrary and capricious and contrary to law, Resolution No. 99-131 and Local Laws, 1999, No. 1 of the Town of Ramapo, and Stuart's Outdoor Living, d/b/a Down to Earth Nursery, separately appeals, as limited by its brief, from so much of the same order and judgment as denied its cross motion for summary judgment dismissing the first through fourth causes of action, granted the petitioners' motion for summary judgment on the first cause of action, and declared invalid, as arbitrary and capricious and contrary to law, Resolution No. 99-131 and Local Laws, 1999, No. 1 of the Town of Ramapo.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the petitioners are awarded one bill of costs, payable by the appellants appearing separately and filing separate briefs.

The appellant Stuart's Outdoor Living, d/b/a Down to Earth Nursery (hereinafter Stuart's) and the respondent Orchards of Concklin (hereinafter Concklin) each own property in the Town of Ramapo in Rockland County. Stuart's and Concklin applied to the appellant Town Board of the Town of Ramapo (hereinafter the Board) to rezone all of Stuart's parcel and a portion of Concklin's parcel from an RR-80 designation—which permitted only one principle detached residence per 80 acres of property—to a CS designation—the least restrictive commercial designation under the Town code—so that they could build and operate a farmers' market with an area of 60,000 square feet. After initially denying the requested rezoning, the Board granted it by Resolution No. 99-131, and amended the zoning code by enacting Local Laws, 1999, No. 1 of the Town of Ramapo. Thereafter, the individual petitioners, all of whom lived in close proximity to the rezoned area, and the petitioner West Branch Conservation Association (hereinafter West Branch), an association dedicated to preserving and protecting the West Branch watershed, which is within the subject area, commenced this hybrid proceeding pursuant to CPLR article 78 and declaratory judgment action to annul the Town Board's action on the ground, inter alia, that the rezoning constituted illegal spot zoning. We affirm.

Contrary to Stuart's contention on appeal, the Supreme

Court properly found that both the individual petitioners and West Branch have standing to maintain this proceeding (see, *Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668, 687; *Society of Plastic Indus. v County of Suffolk,* 77 NY2d 761, 773; *Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406; *Matter of Stephens v Gordon,* 202 AD2d 437).

Further, the Supreme Court properly determined that the zoning amendment constituted illegal spot zoning (see, *Asian Ams. for Equality v Koch,* 72 NY2d 121, 131; *Matter of McGrath v Town Bd.,* 254 AD2d 614). The petitioners presented evidence that the commercial zoning and development of the subject property was contrary to goals of the Town's Development Plan, which included, *inter alia,* maintaining the rural residential character of the Town, limiting commercial development to certain defined areas within the Town, and discouraging random commercial development. The development of the subject property was contrary to the trend in the subject area for approximately the past 40 years, which had been toward less dense rural designations and more open space. Indeed, the properties surrounding and within the vicinity of the area are predominately orchards, parkland, and low-density single-family homes. Further, adjacent to the area is South Mountain Park, a Rockland County Park. Given this proximity, the proposed rezoning was reviewed by the County of Rockland Department of Planning (hereinafter the DOP). On at least four different occasions, the DOP or other County agency issued letters or memoranda disapproving the proposed rezoning on the ground that it was inconsistent with the Town's Development Plan for the area, as well as inappropriate and incompatible with the character of the neighborhood and community in the vicinity of the area. The DOP also opined that the requested change in zoning would amount to a "spot zone change for this area" and would "set a precedent for the spread of the CS zone along Route 45," which is an adjacent road. The proposal was also reviewed by the County's Parks Commission and its Environmental Management Council, both of which adopted the position of the DOP. In granting the requested rezoning, the Town Board, *inter alia,* put restrictions on all uses of the property that would otherwise be permitted under the CS designation except the intended use as a retail store. In sum, the petitioners sustained their burden of demonstrating that the rezoning by the Town of Ramapo was not enacted as part of a well-considered and comprehensive plan calculated to serve the general welfare of the community, but was rather the "singling out a small parcel of land for a use classification totally different from that of the surrounding area for the

[exclusive] benefit of the owner of such property and to the detriment of other owners" (*Rodgers v Village of Tarrytown,* 302 NY 115, 123) and constituted illegal spot zoning (*see, Collard v Incorporated Vil. of Flower Hill,* 52 NY2d 594; *Matter of Cannon v Murphy,* 196 AD2d 498; 1 Salkin, New York Zoning Law and Practice § 4:10).

In light of our determination, we need not address the parties' remaining contentions. Ritter, J. P., S. Miller, Feuerstein and Schmidt, JJ., concur.