■ In the Matter of BLUE LAWN, INC., et al., Appellants, v COUNTY OF WESTCHESTER, Respondent. [740 NYS2d 404] —In a proceeding pursuant to CPLR article 78, inter alia, for a judg-

ment declaring Westchester County Local Law No. 22-2000 null and void because the County of Westchester failed to comply with the requirements of the State Environmental Quality Review Act, the appeal is from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered April 19, 2001, which denied the petition and dismissed the proceeding.

Ordered that the proceeding is converted to an action for a declaratory judgment, the order to show cause is deemed to be the summons, and the petition is deemed to be the complaint (*see* CPLR 103 [c]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

On August 21, 2000, the Environmental Conservation Law was amended to include section 33-1004, which requires neighbor notification of the application of pesticides for counties or cities that opt to make the State law effective in their jurisdiction (*see Matter of Nature's Trees v County of Suffolk,* 293 AD2d 544 [decided herewith]; *Matter of Nature's Trees v County of Nassau,* 293 AD2d 543 [decided herewith]). Following a public hearing on October 30, 2000, the Westchester County Board of Legislators adopted Local Law No. 22-2000, which was signed by the County Executive.

The petitioners, registered commercial pesticide businesses in the County of Westchester, commenced this proceeding contending, inter alia, that Local Law No. 22-2000 should be declared null and void because the County of Westchester failed to comply with the procedural and substantive requirements of the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) before its adoption.

We agree with the Supreme Court that the petitioners lack standing to commence this SEQRA-based challenge against the County of Westchester. To establish standing, the petitioners must show (1) that they will suffer an environmental "injury that is in some way different from that of the public at large," and (2) that the alleged injury falls within the zone of interest sought to be protected or promoted by the statute under which the governmental action was taken (*Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 772-773; *see Long Is. Pine Barrens Socy. v Town of Islip,* 261 AD2d 474, 475; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven,* 213 AD2d 484, 485). A party must demonstrate that it will suffer an injury that is environmental and not solely economic in nature (*see Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433-434; *Matter of*

*Bridon Realty Co. v Town Bd. of Town of Clarkstown,* 250 AD2d 677; *Matter of Empire State Rest. & Tavern Assn. v Rapoport,* 240 AD2d 576, 577; *Matter of Fox v Favre,* 218 AD2d 655, 656).

The petitioners failed to meet their burden of demonstrating that they have suffered an environmental injury that is in some way different from that of the public at large. Although the petitioners attempt to couch their allegations in terms of potential environmental harm, it is clear that the only injury alleged is a potential economic one. While it is true that the presence of an economic motive will not defeat standing so long as environmental impacts are also alleged (*see Matter of Duke & Benedict v Town of Southeast,* 253 AD2d 877, 878), here, the motives alleged by the petitioners are solely economic in nature and not sufficient to establish standing (*see Matter of Bridon Realty Co. v Town Bd. of Town of Clarkstown, supra* at 677; *Matter of Empire State Rest. & Tavern Assn. v Rapoport, supra* at 577; *Matter of Fox v Favre, supra* at 656).

In addition, we reject the petitioners' argument, raised for the first time on appeal, that the County of Westchester exceeded its authority by modifying the substantive requirements of the statute. Since the petitioners failed to raise this issue in their petition, they have failed to preserve this issue for judicial review (*see Matter of Eagle v Paterson,* 57 NY2d 831, 833; *Matter of Egan v New York City Dept. of Social Servs.,* 251 AD2d 577, 588; *Matter of Clowry v Town of Pawling,* 202 AD2d 663, 665).

The petitioners' remaining contentions are without merit. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.