■ In the Matter of NATURE'S TREES, INC., Respondent, v COUNTY OF NASSAU, Appellant. [740 NYS2d 417] —In a proceeding pursuant to CPLR article 78, inter alia, for a judgment declaring Nassau County Local Law No. 41-2000 null and void because the County of Nassau failed to comply with the requirements of the State Environmental Quality Review Act, the appeal is from a judgment of the Supreme Court, Nassau

County (Bucaria, J.), entered June 25, 2001, which granted the petition.

Ordered that the proceeding is converted to an action for a declaratory judgment, the order to show cause is deemed to be the summons, and the petition is deemed to be the complaint (*see* CPLR 103 [c]); and it is further,

Ordered that the judgment is reversed, on the law, and the complaint is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

On August 21, 2000, the Environmental Conservation Law was amended to include section 33-1004, which requires, inter alia, neighbor notification of the application of pesticides for counties or cities that opt to make the State law effective in their jurisdiction (*see Matter of Nature's Trees v County of Suffolk,* 293 AD2d 543 [decided herewith]; *Matter of Blue Lawn v County of Westchester,* 293 AD2d 532 [decided herewith]). Following a public hearing on November 29, 2000, the Nassau County Legislature adopted Local Law No. 41-2000, which was approved by the County Executive on December 28, 2000.

The petitioner, a registered commercial pesticide business in the County of Nassau, commenced this proceeding contending, inter alia, that Local Law No. 41-2000 should be declared null and void because the County of Nassau failed to comply with the procedural and substantive requirements of the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) before its adoption. The Supreme Court granted the petition and annulled the enactment of Local Law No. 41-2000.

Contrary to the Supreme Court's determination, the petitioner lacks standing to commence this SEQRA-based challenge against the County of Nassau. To establish standing, a party must show (1) that it will suffer an environmental "injury that is in some way different from that of the public at large," and (2) that the alleged injury falls within the zone of interest sought to be protected or promoted by the statute under which the governmental action was taken (*Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 772-773; *see Long Is. Pine Barrens Socy. v Town of Islip,* 261 AD2d 474, 475; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven,* 213 AD2d 484, 485). A party must demonstrate that it will suffer an injury that is environmental and not solely economic in nature (*see Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433-434; *Matter of Bridon Realty Co. v Town Bd. of Town of Clarkstown,* 250 AD2d 677; *Matter of Empire State Rest. & Tavern Assn. v Rapoport,* 240 AD2d 576, 577; *Matter of Fox v Favre,* 218 AD2d 655, 656).

The petitioner failed to meet its burden of demonstrating that it has suffered an environmental injury that is in some way different from that of the public at large. Although the petitioner attempts to couch its allegations in terms of potential environmental harm, it is clear that the only injury alleged is a potential economic one. While it is true that the presence of an economic motive will not defeat standing so long as environmental impacts are also alleged (*see Matter of Duke & Benedict v Town of Southeast,* 253 AD2d 877, 878), here, the motives alleged by the petitioner are solely economic in nature and not sufficient to establish standing (*see Matter of Bridon Realty Co. v Town Bd. of Town of Clarkstown, supra* at 677; *Matter of Empire State Rest. & Tavern Assn. v Rapoport, supra* at 577; *Matter of Fox v Favre, supra* at 656).

In addition, the Supreme Court erred in concluding that the County of Nassau had to comply with SEQRA prior to adopting Local Law 41-2000. The State Legislature clearly and unambiguously set forth the requirements for adoption of the statute in ECL 33-1004, the enabling law. ECL 33-1004 solely requires a public hearing and adoption of the provisions of the law in their entirety. Because ECL 33-1004 only requires a public hearing and adoption of the law in its entirety, notwithstanding any other law to the contrary, including SEQRA, Nassau County did not have to comply with the requirements of SEQRA prior to adopting Local Law No. 41-2000. This interpretation is consistent with the State's preemption of pesticide regulation (*see* ECL 33-0303 [1]; *Jancyn Mfg. Corp. v County of Suffolk,* 71 NY2d 91, 96-97; *Matter of Ames v Smoot,* 98 AD2d 216). Accordingly, this converted proceeding must be dismissed. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.