■ In the Matter of Long Island Pine Barrens Society, Inc., et al., Appellants, v Town Board of the Town of East

HAMPTON et al., Respondents. [741 NYS2d 80] —In a proceeding pursuant to CPLR article 78, inter alia, to review determinations of the respondent municipalities dated April 12, 2000, and April 26, 2000, granting approvals for sundry unrelated developments in Suffolk County, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Berler, J.), dated December 8, 2000, which, among other things, denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The individual petitioners did not meet their burden of establishing their standing to sue, since they failed to indicate how the proposed land uses would cause them an injury in fact, different from that suffered by the public at large, within the zone of interest that the State Environmental Quality Review Act (SEQRA; ECL art 8), is intended to protect (*see Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 773-774; *Matter of Rediker v Zoning Bd. of Appeals of Town of Philipstown,* 280 AD2d 548; *Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven,* 213 AD2d 484). The organizational petitioners similarly lack standing, since they have failed to demonstrate that one or more of their individual members would have standing to sue (*see Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven, supra*).

The petitioners' remaining contentions need not be addressed in light of our determination.

The instant case demonstrates the legal barriers to securing any cumulative impact review of development in the Long Island Pine Barrens. The petitioners' frustration with the legal process is understandable. However, it is the province of the Legislature to fashion a solution to this problem (*see Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven,* 80 NY2d 500, 515). Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.