■ In the Matter of VALHALLA UNION FREE SCHOOL DISTRICT et al., Appellants, v BOARD OF LEGISLATORS OF THE COUNTY OF WESTCHESTER et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Legislators of the County of Westchester, dated April 23, 1990, which, *inter alia,* accepted a Final Environmental Impact Statement submitted by the County of Westchester, the petitioners appeal from a judgment of the Supreme Court,

Westchester County (Silverman, J.), entered May 31, 1990, which dismissed the petition.

Ordered that the judgment is affirmed, with one bill of costs.

The petitioners brought this proceeding to challenge the adequacy of the environmental review undertaken by the County of Westchester, in connection with the construction of an emergency shelter for the homeless at the former Hartford Estate in the Town of Greenburgh. We agree with the respondents that under the facts of this case, the petitioners lack standing to contest the approval of the project or to argue that the review pursuant to the State Environmental Quality Review Act (hereinafter SEQRA; ECL art 8) was incomplete.

"The primary purpose of SEQRA is 'to inject environmental considerations directly into governmental decision making' " *(Akpan v Koch,* 75 NY2d 561, 569). 6 NYCRR 617.2 (k), *(l)* provides that *"[e]nvironment* means the physical conditions which will be affected by a proposed action, including land, air, water, minerals, flora, fauna, noise, resources of agricultural, archeological, historic or aesthetic significance, existing patterns of population concentration, distribution or growth, existing community or neighborhood character, and human health". It is well settled that to qualify for standing to raise a SEQRA challenge, a party must demonstrate that it will suffer an injury that is environmental and not solely economic in nature. The raising of economic concerns does not foreclose standing to also raise environmental injury. However, economic injury is not by itself within the zone of interests which SEQRA seeks to protect *(see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433; *see also, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 777; *cf., Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524).

The essence of the petitioners' SEQRA challenge was that the County respondents failed to consider the financial effects which an influx of children living in the proposed project would have upon the petitioner School District. They particularly asserted that the School District had no programs or staff trained to accommodate the special needs of homeless children, and that the schools located within the School District did not have the physical capacities to support an influx of children from the shelter. In this respect they referred to classrooms, school gymnasiums, and library facilities. Although the petitioners assert in their reply brief that some of their concerns can be characterized as "environmental" in

that they related to "existing patterns of population concentration" (6 NYCRR 617.2 [k], *[l]*), a review of the petition discloses no direct discussion of population patterns. Rather, the petition concentrates solely on the financial burden created by having to educate more children. As such, the petitioners failed to demonstrate that they would suffer an environmental injury. They therefore lacked standing to challenge the adequacy of the County respondents' review of the proposed project.

In any event, we note that the petitioners' claims are without merit because the respondent County of Westchester identified the relevant areas of environmental concern, took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination *(see, Akpan v Koch, supra,* at 570; *Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417). Contrary to the petitioners' contentions, the respondents gave adequate consideration to site and scale alternatives as well as to projected impacts of the project upon the School District. We are mindful that while judicial review must be meaningful, the courts may not substitute their judgment for that of the agency, for it is not their role to weigh the desirability of any action or to choose among alternatives *(see, Akpan v Koch, supra,* at 570; *Matter of Jackson v New York State Urban Dev. Corp., supra,* at 416-417). Thompson, J. P., Miller, Ritter and Copertino, JJ., concur.