■ VINNIE MONTES WASTE SYSTEM, INC., et al., Appellants, et al., Petitioners, v TOWN OF OYSTER BAY, Respondent. [606 NYS2d 41] —In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town of Oyster Bay, dated November 28, 1989, to wit, Resolution 1113-89, designating the Old Bethpage Solid Waste Disposal Complex as the sole facility for the delivery of all solid waste generated within the Town of Oyster Bay, and to declare the resolution invalid, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered March 21, 1991, which held, *inter alia,* that the resolution was valid and enforceable, and dismissed the appellants' remaining causes of action.

Ordered that the judgment is affirmed, with costs.

In 1989 the Town of Oyster Bay issued Resolution 1113-89, designating the Old Bethpage Solid Waste Disposal Complex as the sole facility for the delivery of all solid waste, including recyclable materials, generated within the confines of the Town. This "flow control" measure was enacted pursuant to Laws of 1979 (ch 509) and Local Laws, 1986, No. 1 of the Town of Oyster Bay (hereinafter Solid Waste Management Law). These enactments authorized the Town, in order to protect the public health and safety and to improve the environment, to

supervise and regulate the transportation, disposition, and collection of all solid waste within its confines. It was specifically authorized to construct and operate solid waste disposal facilities and to enact measures directing the flow of solid waste to such facilities *(see,* L 1979, ch 509, § 1).

In furtherance of that authorization, the Town of Oyster Bay constructed a Solid Waste Transfer Facility at the Old Bethpage site and received an operating permit in 1988. The New York State Department of Environmental Conservation had issued a negative declaration *(see,* 6 NYCRR 617.2 [y]) in connection with these actions, determining that the project would not have a significant effect on the environment. The plaintiffs failed to seek review of these determinations. As part of its own solid waste management strategy, in 1986 the Town determined that flow control measures should be adopted and that the transfer facility at the Old Bethpage complex should be designated as the sole facility for delivery of all solid waste. Consequently, in 1989 the subject resolution was passed.

The plaintiffs are taxpayers and private carting companies engaged in the business of collecting refuse and garbage from properties within the Town. They challenge the adequacy of the environmental review undertaken by the Town in connection with the approval of the resolution, and they seek a declaration that the resolution is invalid because, *inter alia,* it violates State law. We agree with the Town that under the facts of this case, the plaintiffs lacked standing to contest the adequacy of the review conducted pursuant to the State Environmental Quality Review Act (hereinafter SEQRA).

"The primary purpose of SEQRA is 'to inject environmental considerations directly into governmental decision making' " *(Akpan v Koch,* 75 NY2d 561, 569). 6 NYCRR 617.2 *(l)* provides that *"[e]nvironment* means the physical conditions which will be affected by a proposed action, including land, air, water, minerals, flora, fauna, noise, resources of agricultural, archeological, historic or aesthetic significance, existing patterns of population concentration, distribution or growth, existing community or neighborhood character, and human health". It is well settled that to qualify for standing to raise a SEQRA challenge, a party must demonstrate that it will suffer an injury that is environmental and not solely economic in nature. The raising of economic concerns does not foreclose standing to raise environmental injury; however, economic injury is not by itself within the zone of interest which SEQRA seeks to protect *(see, Matter of Mobil Oil Corp. v*

*Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433; *Society of Plastic Indus. v County of Suffolk,* 77 NY2d 761, 777; *cf., Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524).

The essence of the plaintiffs' SEQRA challenge was that the Town failed to conduct an environmental review to determine the economic consequences of compelling the delivery of refuse and recyclables to the designated facility. They asserted that the resolution would require them to make substantial changes in their contractual and legal relationships. Although they asserted that an environmental review was required to consider the effects of the resolution on traffic and surrounding properties, the plaintiffs offered no elucidation of these claims, and, more significantly, failed to demonstrate that they would suffer any specific environmental injury *(see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, supra,* at 433; *Society of Plastic Indus. v County of Suffolk, supra,* at 773-774; *cf., Matter of Valhalla Union Free School Dist. v Board of Legislators,* 183 AD2d 771). They therefore lacked standing to bring their alleged SEQRA claim.

Contrary to the plaintiffs' contention, we further find that the resolution is not invalid by virtue of the fact that it requires the transportation of all solid waste including "recyclable materials" to the transfer station. The inclusion of recyclable materials within the definition of solid waste is not inconsistent with the enabling legislation, the Town's Local Law, or other State law. Rather, the inclusion of recyclable materials is contemplated by the enabling legislation.

Pursuant to the Town's Local Law, "solid waste" is defined as "all materials or substances discarded or rejected as being spent, useless, worthless, or in excess to the owners at the time of such discard or rejection" (Local Laws, 1986, No. 1 of Town of Oyster Bay § 3 [5]). This language is modeled after the definition of solid waste provided in ECL 27-0701 (1). We find that garbage and refuse generally collected from properties within the Town, regardless of whether it is capable of ultimately being recycled, logically falls within this definition. We note in this regard that both the Local Law and the ECL indicate that a "solid waste facility" refers to any facility which is to be used beyond the initial solid waste collection process for processing or disposing of solid waste or for recovering resources therefrom. Specifically, a "solid waste facility" includes "recycling centers" *(see,* Local Laws, 1986, No. 1 of Town of Oyster Bay, § 3 [6]; ECL 27-0701 [2]). Thus it is clearly anticipated that recyclable materials may be contained within the solid waste transported to a solid waste facility.

We have reviewed the appellants' remaining contentions and find them to be without merit *(see, Mevsita of Forest Hills Inst. v City of New York,* 58 NY2d 1014; *City of Rochester v Gutberlett,* 211 NY 309; *Presidents' Council of Trade Waste Assns. v City of New York,* 142 Misc 2d 135, *affd* 159 AD2d 428; *Hybud Equip. Corp. v City of Akron,* 654 F2d 1187, 1192; *Glenwillow Landfill v City of Akron,* 485 F Supp 671, 681; *Reduction Co. v Sanitary Works,* 199 US 306, 323; *Waste Stream Mgt. v St. Lawrence County,* 156 AD2d 111). Bracken, J. P., Sullivan, Lawrence and Joy, JJ., concur.