■ In the Matter of SWAN LAKE WATER CORPORATION, Petitioner, v SUFFOLK COUNTY WATER AUTHORITY, Respondent. [612 NYS2d 607] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Suffolk County Water Authority, dated April 28, 1992, which determined to acquire Swan Lake Water Corporation's water supply and distributions system by condemnation.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The Suffolk County Water Authority (hereinafter the Water Authority) commenced the condemnation proceeding in this

case by holding a public hearing and issuing its determination and findings pursuant to EDPL article 2. It subsequently applied for, and was granted, a Department of Environmental Conservation permit for the proposed condemnation *(see,* ECL 15-1501).

Contrary to the petitioner's contention, the Water Authority was not required to obtain a Department of Environmental Conservation permit, pursuant to ECL 15-1501, before holding a public hearing with regard to its proposed condemnation of Swan Lake Water Corporation's water supply and distribution system *(see,* EDPL 201). ECL 15-1501 requires that a public corporation obtain a permit before condemning a new or additional source of water supply. However, the statute does not state that the condemnation proceedings cannot be commenced before the permit is approved. The order in which the Water Authority fulfilled the statutory requirements for the proposed condemnation is irrelevant as long as it had complied with those requirements when it filed a petition of condemnation with the court *(see, Great Neck Water Auth. v Citizens Water Supply Co.,* 12 NY2d 167). Accordingly, the petitioner's contention is without merit.

We note that the petitioner lacks standing to assert its State Environmental Quality Review Act claim since it is not an aggrieved party under that act *(see, Montes Waste Sys. v Town of Oyster Bay,* 199 AD2d 493; *Matter of Valhalla Union Free School Dist. v Board of Legislators,* 183 AD2d 771).

The petitioner's remaining contentions are without merit. Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.