■ RIVER CENTER, L. L. C., Petitioner, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Respondent. [713 NYS2d 527] —Determination of respondent Dormitory Authority of the State of New York, dated January 26, 2000, condemning petitioner's property, unanimously confirmed, the petition denied and the proceeding brought pursuant to EDPL 207 dismissed, without costs.

Assuming that petitioner has standing to challenge respondent's determination on environmental grounds (*cf., Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 687; *but see, Matter of Swan Lake Water Corp. v Suffolk County Water Auth.*, 204 AD2d 463, 464 [2d Dept]), the petition lacks merit. Whatever the impact of respondent's possible sale and ensuing potential future development of the run-down building that respondent now occupies across the street from the condemned property, that building is not an integral part of respondent's plan to construct a new building on the condemned property (*compare, Matter of Citizens Concerned for Harlem Val. Envt. v Town Bd.*, 264 AD2d 394, *lv denied* 94 NY2d 759), and environmental review of respondent's plans for that building may be separately undertaken when those plans are actually formulated (*see, Matter of Citizens for An Orderly Energy Policy v Cuomo*, 78 NY2d 398, 417; *Matter of Programming & Sys. v New York State Urban Dev. Corp.*, 61 NY2d 738). Petitioner's disagreement with respondent's assessment of the project's impact on traffic conditions is based on nothing more than its own selective evaluation of the public hearing testimony of several persons, hardly an adequate basis for challenging the reasonableness of respondent's assessment (*see, Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 396). Petitioner's claim that the City of New York should have been the "lead agency" in the State Environmental Quality Review Act review is unsupported by any indication that the project, as petitioner asserts, will entail construction over a railroad right-of-way for which a municipal approval

will be required. In any event, such an extremely limited role in the process by the City would not thereby render it the agency with "principal responsibility for carrying out or approving such action" (ECL 8-0111 [6]). We have considered petitioner's remaining arguments and find them to be unavailing. Concur—Nardelli, J. P., Mazzarelli, Lerner, Andrias and Buckley, JJ.