■  In the Matter of KIMBERLY MULE et al., Appellants, v HAWTHORNE CEDAR KNOLLS UNION FREE SCHOOL DISTRICT et al., Respondents. [736 NYS2d 464] —Rose, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered May 11, 2001 in Albany County, which, after converting the action into a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as barred by the statute of limitations.

In 1998, respondent Hawthorne Cedar Knolls Union Free School District (hereinafter the District) proposed construction of two school buildings on its 120-acre campus in the Town of

Mount Pleasant, Westchester County. Respondent Dormitory Authority of the State of New York (hereinafter DASNY), as lead agency under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]), determined that the project would have no significant environmental impacts, issued a negative declaration and authorized the issuance of tax-exempt bonds to finance the project in September 1999. Petitioners, who are neighboring landowners, allegedly did not learn of the project until late July 2000. In response to its requests for reconsideration, the District held a public hearing in October 2000 but declined to change the location of its planned buildings, which were sited to take advantage of existing, adjacent facilities. This matter was commenced on November 21, 2000 seeking a judgment annulling the negative declaration, enjoining the project and directing respondents to begin the SEQRA process anew. When petitioners moved for a preliminary injunction, Supreme Court converted the action to a CPLR article 78 proceeding and dismissed it as barred by the statute of limitations.

Petitioners' primary contention on this appeal is that, in light of the unique circumstances present here, respondents' failure to provide notice and opportunity to be heard prior to the negative declaration tolled the four-month statute of limitations (*see,* CPLR 217) until they became aware of the project's potential impact on them. We disagree. Where a complaint alleges a violation of SEQRA, a CPLR article 78 proceeding is appropriate and the applicable statute of limitations is the four-month period following when the agency's determination became final and binding (*see, Matter of Roenke v State Univ. of N.Y.,* 284 AD2d 781, 782; *see also, Matter of Young v Board of Trustees of Vil. of Blasdell,* 89 NY2d 846, 848). Further, an aggrieved party may not avoid the four-month period by characterizing the agency's action as a denial of due process rights (*see, Solnick v Whalen,* 49 NY2d 224, 230-231).

In determining when the four-month period began to run here, we note that the negative declaration was final upon its issuance on September 19, 1999 (*see, Matter of Cathedral Church of St. John the Divine v Dormitory Auth. of State of N.Y.,* 224 AD2d 95, 99, *lv denied* 89 NY2d 802), and the decision to proceed with the project became final and binding no later than October 28, 1999, when DASNY issued the tax-exempt bonds to fund the project and committed itself to a definite course of future action (*see, Matter of Young v Board of Trustees of Vil. of Blasdell, supra,* at 849; *Matter of J.B. Realty Enter. Corp. v City of Saratoga Springs,* 270 AD2d 771, 773, *lv*

*denied* 95 NY2d 758). Since the statute of limitations began to run no later than October 28, 1999, this matter was clearly commenced after the four-month period expired. The District's subsequent hearing did not renew the statute of limitations for it was held in response to the public's requests for reconsideration of the project, and the District expressly declined to reconsider the location or other merits of the project (*see, Matter of De Milio v Borghard*, 55 NY2d 216, 220; *Chase v Board of Educ. of Roxbury Cent. School Dist.*, 188 AD2d 192, 197).

We also find no merit in petitioners' contention that the statute of limitations should be deemed tolled until late July 2000 because their ignorance of the project until that time resulted from being deprived of their right to notice and the opportunity to be heard in the SEQRA process. Although lead agencies are required to make "every reasonable effort to involve project sponsors, other agencies and the public in the SEQR process" (6 NYCRR 617.3 [d]), we note that "no public hearings are required in the case of a negative declaration" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 430). While notice of the project here was not given directly to neighboring landowners or published in the community's media, respondents notified, inter alia, the Town Supervisor, the Chair of the Town's Planning Board and the Chair of the Town's Zoning Board of Appeals. As it was reasonable to expect those entities to review the project and either notify their constituents of its potential effects or provide the lead agency with comments regarding the project, it cannot be said that respondents failed to make a reasonable effort to address public concerns. Since petitioners do not claim that respondents neglected to file the negative declaration as a public record, we find no basis to measure the statute of limitations from when petitioners first learned of the project.

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.