In the Matter of BOARD OF FIRE COMMISSIONERS OF THE FAIRVIEW FIRE DISTRICT, a District Corporation of the State of New York, Appellant, v TOWN OF POUGHKEEPSIE PLANNING BOARD et al., Respondents. [67 NYS3d 24]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Poughkeepsie dated January 15, 2015, which granted conditional site plan approval, and action for related declaratory relief, the petitioner/plaintiff appeals (1) from so much of an order and judgment (one paper) of the Supreme Court, Dutchess County (Sproat, J.), dated June 30, 2015, as granted those branches of the motion of Page Park Associates, LLC, and the separate motion of the Town of Poughkeepsie Planning Board, the Town Board of the Town of Poughkeepsie, and the Town of Poughkeepsie, a Municipal Corporation of the State of New York, which were pursuant to CPLR 7804 (f) and 3211 (a) (5) to dismiss the first, second, and fifth causes of action insofar as asserted against each of them, and dismissed those causes of action, and (2) , as limited by its brief, from so much of an order of the same court dated October 5, 2015, as (a), upon reargument, in effect, vacated the original determination in the order and judgment dated June 30, 2015, denying those branches of the motion of Page Park Associates, LLC, and the separate motion of the Town of Poughkeepsie Planning Board,

Town of Poughkeepsie Town Board, and Town of Poughkeepsie, a Municipal Corporation of the State of New York, which were pursuant to CPLR 7804 (f) and 3211 (a) (5) to dismiss the third and fourth causes of action insofar as asserted against each of them, and thereupon granted those branches of the motions, and (b), upon renewal, in effect, vacated the original determination in the order and judgment dated June 30, 2015, denying that branch of the motion of the Town of Poughkeepsie Planning Board, Town of Poughkeepsie Town Board, and Town of Poughkeepsie, a Municipal Corporation of the State of New York, which was pursuant to CPLR 7804 (f) and 3211 (a) (5) to dismiss the third and fourth causes of action insofar as asserted against them, and thereupon granted that branch of their motion.

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provisions thereof, upon reargument, in effect, vacating the original determination in the order and judgment denying those branches of the motion of Page Park Associates, LLC, and the separate motion of the Town of Poughkeepsie Planning Board, Town of Poughkeepsie Town Board, and Town of Poughkeepsie, a Municipal Corporation of the State of New York, which were pursuant to CPLR 7804 (f) and 3211 (a) (5) to dismiss the third cause of action insofar as asserted against each of them, and thereupon granting those branches of the motions, and substituting therefor a provision, upon reargument, adhering to the original determination in the order and judgment denying those branches of the motions, and (2) by deleting the provision thereof, upon renewal, in effect, vacating the determination in the order and judgment denying that branch of the motion of the Town of Poughkeepsie Planning Board, Town of Poughkeepsie Town Board, and Town of Poughkeepsie, a Municipal Corporation of the State of New York, which was pursuant to CPLR 7804 (f) and 3211 (a) (5) to dismiss the third cause of action insofar as asserted against them, and substituting therefor a provision, upon renewal, adhering to the original determination in the order and judgment denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Dutchess County, for the service and filing of the respondents/defendants' answers within 30 days after the date of this decision and order, and for further proceedings on the petition/complaint in accordance herewith; and it is further,

Ordered that one bill of costs is payable to the respondents appearing separately and filing separate briefs.

The background facts in this case are set forth in our decision and order on a related appeal (*Matter of Board of Fire Commrs. of the Fairview Fire Dist. v Town of Poughkeepsie Planning Bd.*, 156 AD3d 621 [2017] [decided herewith] [hereinafter Fairview I]).

On January 15, 2015, the Town of Poughkeepsie Planning Board (hereinafter the Planning Board) granted conditional site plan approval to a project proposed by Page Park Associates, LLC (hereinafter Page), to construct a multifamily residential project in the Town of Poughkeepsie. The Board of Fire Commissioners of the Fairview Fire District, a District Corporation of the State of New York (hereinafter the petitioner), commenced this hybrid proceeding (hereinafter Fairview II) challenging the site plan approval, and action for related declaratory relief. In its petition/complaint, the petitioner asserted five causes of action. The Planning Board, the Town of Poughkeepsie Town Board (hereinafter the Town Board), the Town of Poughkeepsie, a Municipal Corporation of the State of New York (hereinafter collectively the Town respondents), and Page (hereinafter collectively the respondents) each filed pre-answer motions to dismiss the petition/complaint pursuant to CPLR 7804 (f) and 3211 (a) (5) insofar as asserted against each of them. The Supreme Court, in an order and judgment (one paper) dated June 30, 2015, granted those branches of the respondents' separate motions which were to dismiss the first, second, and fifth causes of action insofar as asserted against each of them. The court denied the motions with respect to the third and fourth causes of action, finding that as alleged, those causes of action were facially sufficient, and directed the respondents to answer. The petitioner appeals from this order and judgment.

Page moved for leave to reargue, and the Town respondents moved for leave to reargue and renew. With respect to reargument, the respondents contended that the Supreme Court overlooked that the petitioner lacked standing to maintain the third and fourth causes of action. With respect to that branch of the Town respondents' motion which was for leave to renew, they submitted a payment in lieu of taxes (hereinafter PILOT) agreement, which was executed on May 28, 2015, and filed with the Dutchess County Clerk's Office on June 17, 2015, and which, they argued, rendered the petitioner's third and fourth causes of action academic. By order dated October 5, 2015, the court granted leave to reargue, and, upon reargument, directed

dismissal of the third and fourth causes of action insofar as asserted against each of the respondents. The court also granted that branch of the Town respondents' motion which was for leave to renew, and, upon renewal, directed dismissal of the third and fourth causes of action insofar as asserted against the Town respondents. The petitioner appeals from this order.

The Supreme Court properly determined that the first, second, and fifth causes of action were barred by the doctrine of res judicata, to the extent that the petitioner contended that the site plan approval was based upon an invalid determination under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]).

The doctrine of res judicata provides that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see Dupps v Betancourt*, 121 AD3d 746, 747 [2014]). The doctrine of res judicata bars a party from relitigating any claim which could have been or should have been litigated in a prior proceeding (*see County of Nassau v New York State Pub. Empl. Relations Bd.*, 151 AD2d 168, 185 [1989], *affd* 76 NY2d 579 [1990]). Therefore, under the doctrine of res judicata, or claim preclusion, a valid final judgment will bar future actions between the same parties involving the same cause of action (*see Matter of Reilly v Reid*, 45 NY2d 24, 27 [1978]).

Here, the main thrust of the petitioner's first and second causes of action is that the Planning Board's resolution granting site plan approval should be annulled because it was based upon the invalid SEQRA determination. Likewise, in the fifth cause of action, the petitioner contended that a land contour permit issued to Park Page was void since it relied upon the invalid SEQRA determination, and therefore, the project violated the density requirements of the Town Zoning Code. However, the Supreme Court, in Fairview I, already determined that the petitioner did not have standing to challenge the SEQRA determination, and that, in any event, the Planning Board took the required hard look, and therefore, its actions were not arbitrary and capricious. Since the court already determined that the petitioner did not have standing, and that the SEQRA determination was valid, the petitioner is barred from relitigating the validity of the SEQRA determination, and the causes of action alleging that the resolution granting site plan approval should be annulled due to the Planning Board's reliance on the SEQRA determination were

properly dismissed (*see Matter of Reilly v Reid*, 45 NY2d at 27; *Dupps v Betancourt*, 121 AD3d at 747).

The portion of the first cause of action which alleged that the Planning Board should have reconsidered its negative declaration in light of the new information provided in the final report submitted by the petitioner's expert, as well as other new evidence, is not barred by the doctrine of res judicata, since this claim was not decided in Fairview I. However, for the same reasons that the petitioner lacked standing in Fairview I, it also lacks standing to raise this claim in Fairview II, since the petitioner's economic claims are insufficient to confer standing upon it (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 777 [1991]; *Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428, 433 [1990]; *Matter of Valhalla Union Free School Dist. v Board of Legislators of County of Westchester*, 183 AD2d 771, 772 [1992]). Accordingly, the first cause of action was properly dismissed in its entirety.

Upon reargument, the Supreme Court correctly determined that the petitioner lacked standing with respect to the fourth cause of action, but incorrectly determined that it lacked standing with respect to the third cause of action.

In the fourth cause of action, the petitioner merely reiterates the same arguments it made with respect to its challenge to the negative declaration, i.e., that the Town respondents failed to consider the impacts the project would have on the petitioner's ability to provide fire and emergency services. As such, the petitioner has failed to demonstrate that it will suffer an injury that is environmental and not solely economic in nature (*see Matter of County Oil Co., Inc. v New York City Dept. of Envtl. Protection*, 111 AD3d 718, 719 [2013]; *Matter of Valhalla Union Free School Dist. v Board of Legislators of County of Westchester*, 183 AD2d at 772), or that the injury suffered by the petitioner would not be the same as that suffered by the general public (*see Matter of Shelter Is. Assn. v Zoning Bd. of Appeals of Town of Shelter Is.*, 57 AD3d 907, 909 [2008]; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 213 AD2d 484, 485-486 [1995]).

However, with respect to the third cause of action, the petitioner established that it is within the zone of interest sought to be protected by the Town Code provision that requires a PILOT agreement to be implemented to cover, among other things, the costs of fire and ambulance services (*see* Town Code of Town of Poughkeepsie § 210-21 [H]), and the petitioner has alleged that it will be harmed by the failure of the agreement to cover its costs. As such, it has alleged an injury distinct from

other members of the general public, and it has demonstrated an injury in fact sufficient to confer standing (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d at 773-774; *cf. Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d at 435; *Matter of Quigley v Town of Ulster*, 66 AD3d 1295, 1296 [2009]).

The Supreme Court further erred in determining that the third cause of action was time-barred. The third cause of action challenged the action of the Planning Board in granting site plan approval on January 15, 2015, since a condition of the Planned Residential Overlay District (hereinafter PROD) designation had not been met, and was not, as found by the court, challenging the Town Board's failure to require an executed PILOT agreement when adopting the PROD designation on October 1, 2014. As such, the petition filed on February 17, 2015, was timely filed (*see Matter of Young v Board of Trustees of Vil. of Blasdell*, 89 NY2d 846, 849 [1996]; *Matter of Mule v Hawthorne Cedar Knolls Union Free School Dist.*, 290 AD2d 698, 699 [2002]).

Moreover, the Supreme Court, upon renewal, erred in directing dismissal of the third cause of action since submission of the PILOT agreement would not have changed the prior determination (*see* CPLR 2221 [e] [2]; *Lindbergh v SHLO 54, LLC*, 128 AD3d 642, 644-645 [2015]; *Matter of Jaronczyk v Mangano*, 121 AD3d 995, 997 [2014]).

The petitioner's contention that the Supreme Court, upon renewal, improperly directed dismissal of the fourth cause of action, has been rendered academic in light of our determination. Dillon, J.P., Cohen, Connolly and Christopher, JJ., concur.