■ In the Matter of BOARD OF FIRE COMMISSIONERS OF THE FAIRVIEW FIRE DISTRICT, a District Corporation of the State of New York, Appellant, v TOWN OF POUGHKEEPSIE PLANNING BOARD et al., Respondents. [67 NYS3d 30]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Poughkeepsie dated August 21, 2014, issuing a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8), and granting a land contour permit to Page Park Associates, LLC, and to review a determination of the Town Board of the Town of Poughkeepsie dated October 1, 2014, granting the application of Page Park Associates, LLC, for a zoning overlay district to its property, and action for related declaratory relief, the petitioner/plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Dutchess County (Sproat, J.), dated April 17, 2015, as denied the petition and dismissed the proceeding/action.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Page Park Associates, LLC (hereinafter Page), proposed to construct a multifamily residential project in the Town of Poughkeepsie. The project, known as "Fairview Commons" (hereinafter the FC project), was located within the Fairview Fire District. After the Town of Poughkeepsie Planning Board (hereinafter the Planning Board) conducted its review pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]), it issued a negative declaration on August 21, 2014. Thereafter, the Board of Commissioners of the Fairview Fire District, a District Corporation of the State of New York (hereinafter the petitioner), commenced this hybrid proceeding (Fairview I) challenging the Planning Board's SEQRA determination, and action for related declaratory relief, against the Planning Board, the Town of Poughkeepsie Town Board (hereinafter Town Board), the Town of Poughkeepsie, a Municipal Corporation of the State of New York (hereinafter collectively the Town respondents), and Page (hereinafter collectively the respondents). In its petition/complaint, the petitioner asserted three causes of action. After the Town Board granted Page's rezoning application on October 1, 2014, the petitioner amended the petition/complaint to add a fourth cause of action challenging the Town Board's granting of Page's application for a zoning overlay district to its property, since the Town Board relied upon the SEQRA determination.

The Supreme Court, in the judgment appealed from, denied the petition and dismissed the proceeding/action, finding that the petitioner lacked standing, and that, in any event, the Planning Board had complied with SEQRA. The petitioner appeals.

"To establish standing under SEQRA, a petitioner must show (1) an environmental injury that is in some way different from that of the public at large, and (2) that the alleged injury falls within the zone of interests sought to be protected or promoted by SEQRA" (*Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo*, 112 AD3d 726, 727-728 [2013]; *see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-774 [1991]; *Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d 74, 89-90 [2007]). To qualify for standing to raise a SEQRA challenge, a party must demonstrate that it will suffer an injury that is environmental and not solely economic in nature (*see Matter of County Oil Co., Inc. v New York City Dept. of Envtl. Protection*, 111 AD3d 718, 719 [2013]; *Matter of Valhalla Union Free School Dist. v Board of Legislators of County of Westchester*, 183 AD2d 771, 772 [1992]). Although raising economic concerns does not foreclose standing to also

raise environmental injury (*see Matter of Blue Lawn v County of Westchester*, 293 AD2d 532, 534 [2002]; *Matter of Valhalla Union Free School Dist. v Board of Legislators of County of Westchester*, 183 AD2d at 772), economic injury is not by itself within the zone of interests which SEQRA seeks to protect (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d at 777; *Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428, 433 [1990]; *Matter of Valhalla Union Free School Dist. v Board of Legislators of County of Westchester*, 183 AD2d at 772). Here, the petitioner's concerns that an increase in the number of residents in its district would result in an increase in the number of service calls made by it, which would result in a financial burden on it, were insufficient to establish its standing since such concerns are solely economic in nature (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d at 777; *Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d at 433; *Matter of Valhalla Union Free School Dist. v Board of Legislators of County of Westchester*, 183 AD2d at 772).

Moreover, the petitioner's claim relating to traffic impacts was insufficient to establish standing, since the petitioner failed to demonstrate an environmental injury different from that suffered by the public at large (*see Matter of Shelter Is. Assn. v Zoning Bd. of Appeals of Town of Shelter Is.*, 57 AD3d 907, 909 [2008]; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 213 AD2d 484, 485-486 [1995]).

Nor did the petitioner's status as a municipal agency confer standing upon it, since a "municipality is limited to asserting rights that are its own . . . and is not permitted to assert the collective individual rights of its residents" (*Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d at 91). In order to establish standing, in addition to showing that the alleged injury to the community character fell within the zone of interest protected by SEQRA, the petitioner had to show an environmental injury that was different from that of the public at large, and was not purely economic, which it failed to do (*see Vinnie Montes Waste Sys. v Town of Oyster Bay*, 199 AD2d 493, 495 [1993]).

The petitioner also did not have standing in its representative capacity. "In order to establish standing to challenge a SEQRA determination, a municipality must demonstrate how its personal or property rights, either personally or in a representative capacity, will be directly and specifically affected apart from any damage suffered by the public at large" (*Matter*

of *Town of Amsterdam v Amsterdam Indus. Dev. Agency*, 95 AD3d 1539, 1541 [2012] [internal quotation marks omitted]). Here, the petitioner did not allege in its petition/complaint that it was acting in its representative capacity for its affected citizens, but merely alleged the economic costs to it as a result of the FC project and other pending or anticipated projects (*see generally Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d at 433-434). Accordingly, the Supreme Court properly determined that the petitioner lacked standing, and dismissed the proceeding/action.

Since this Court has previously denied motions by Page to dismiss the appeal as academic, its current contention that the plaintiff's appeal should be dismissed as academic on the same ground as previously asserted is precluded by the doctrine of the law of the case (*see Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]).

In light of our determination, we need not reach the petitioner's remaining contention. Dillon, J.P., Cohen, Connolly and Christopher, JJ., concur.