Chapman Steamer Collective, LLC v KeyBank N.A. (2018 NY Slip Op 05276)





Chapman Steamer Collective, LLC v KeyBank N.A.


2018 NY Slip Op 05276


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-00353
 (Index No. 7215/14)

[*1]Chapman Steamer Collective, LLC, et al., appellants,
v
KeyBank National Association, et al., respondents.


Stern Law Offices, Suffern, NY (Bruce M. Stern of counsel), for appellants.
Moran Karamouzis LLP, Rockville Centre, NY (Andrew P. Karamouzis and Pamela B. Reichlin of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraudulent misrepresentation, the plaintiffs appeal from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated November 20, 2015. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the doctrine of res judicata.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2008, the plaintiff Mei Y. Wang, the sole member of the plaintiff Chapman Steamer Collective, LLC (hereinafter Chapman), executed and delivered to the defendant KeyBank National Association (hereinafter KeyBank) a line of credit agreement, along with a note secured by a mortgage on certain real property owned by Chapman. In August 2010, KeyBank commenced an action, inter alia, to foreclose the mortgage (hereinafter the foreclosure action). In October 2010, Chapman and Wang served an answer with affirmative defenses and a counterclaim alleging, inter alia, that KeyBank "lured" them into taking out the note and mortgage as a "bridge" loan by promising them a "permanent" loan with tax credits at below market rate interest, and that KeyBank ultimately refused to close on the permanent loan. Thereafter, KeyBank moved, among other things, for summary judgment on its cause of action to foreclose the mortgage and dismissing the counterclaim. In an order dated April 25, 2012, the Supreme Court, inter alia, granted those branches of KeyBank's motion, dismissed the counterclaim "with prejudice," and thereupon entered a judgment of foreclosure and sale on October 18, 2012. On a prior appeal, this Court affirmed the judgment of foreclosure and sale (see KeyBank N.A. v Chapman Steamer Collective, LLC, 117 AD3d 991).
In September 2014, Chapman and Wang (hereinafter together the plaintiffs) commenced this action, inter alia, to recover damages for fraudulent misrepresentation. The plaintiffs alleged that KeyBank and Key Community Development New Markets, LLC (hereinafter together the defendants), "encourage[d them] to undertake the [b]ridge [l]oan" based on representations that the permanent loan would be approved, that "the sole purpose of the [b]ridge [l]oan was to provide liquidity to Plaintiffs until completion of processing and closing of the [p]ermanent [l]oan," and that the defendants failed to close on the permanent loan. Thereafter, the defendants moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the doctrine of res judicata based on the counterclaim asserted in the foreclosure action. In an order dated November 20, 2015, the Supreme Court, inter alia, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the doctrine of res judicata. The plaintiffs appeal from that portion of the order.
"The doctrine of res judicata provides that once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy'" (Matter of Board of Fire Commrs. of the Fairview Fire Dist. v Town of Poughkeepsie Planning Bd., 156 AD3d 624, 627, quoting O'Brien v City of Syracuse, 54 NY2d 353, 357). "The doctrine of res judicata bars a party from relitigating any claim which could have been or should have been litigated in a prior proceeding" (Matter of Board of Fire Commrs. of the Fairview Fire Dist. v Town of Poughkeepsie Planning Bd., 156 AD3d at 627). " A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action'" (Malgeo Constr. Corp. v Oehlrich, 292 AD2d 429, 430, quoting Long Is. Sav. Bank v Mihalios, 269 AD2d 502, 503). Here, the claims asserted by the plaintiffs arise out of the same allegations that were raised in their counterclaim in the foreclosure action, which was dismissed "with prejudice," and thus, the plaintiffs' claims are barred by the doctrine of res judicata (see Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913; SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank, 128 AD3d 674, 675-676; Mittelman v GE Capital Mtge. Servs., 265 AD2d 311).
The plaintiffs' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the doctrine of res judicata.
ROMAN, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court