Matter of Trinity Transp. Corp. v Town of Brookhaven (2018 NY Slip Op 08026)





Matter of Trinity Transp. Corp. v Town of Brookhaven


2018 NY Slip Op 08026


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2016-06143
 (Index No. 24084/14)

[*1]In the Matter of Trinity Transportation Corporation, respondent, 
v
Town of Brookhaven, et al., appellants.


Germano & Cahill, P.C., Holbrook, NY (Michael J. Cahill of counsel), for appellants Town of Brookhaven and Town Board of Town of Brookhaven.
Murray & McCann, Rockville Centre, NY (Joseph D. McCann of counsel), for appellant Covanta Hempstead Company.
Anthony E. Core, P.C., Westbury, NY (Michael E. White of counsel), for respondent.
Beveridge & Diamond, P.C., New York, NY (Michael G. Murphy, John H. Paul, Sarah A. Kettenmann, and New York State Association of Counties [Stephen J. Acquario], of counsel), for amici curiae New York State Association for Solid Waste Management and New York State Association of Counties.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to annul Resolution No. 2014-608 of the Town Board of the Town of Brookhaven and to declare an amended agreement between the Town of Brookhaven and Covanta Hempstead Company null and void, the appeal is from a judgment of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated April 29, 2018. The judgment granted the petition, annulled Resolution No. 2014-608 of the Town Board of the Town of Brookhaven, and declared the amended agreement between the Town of Brookhaven and Covanta Hempstead Company null and void.
ORDERED that the judgment is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
In 2005, pursuant to General Municipal Law § 120-w, the Town of Brookhaven initiated a public procurement process to solicit proposals "for the receipt, processing, transportation and disposal of" municipal solid waste. The Town received proposals from, among others, Covanta Hempstead Company (hereinafter Covanta) and Trinity Transportation Corporation (hereinafter Trinity). In 2009, at the conclusion of the procurement process, the Town awarded two five-year contracts, each with the option to renew and extend. One contract was awarded to Covanta for the disposal of municipal solid waste, and the other contract was awarded to Trinity for the operation of transfer stations and the transportation of solid waste to the Covanta disposal facility. On August 12, 2014, the Town Board adopted Resolution No. 2014-608 (hereinafter the resolution), authorizing the Town to execute an extension and modification of the agreement with Covanta. Thereafter, the Town executed an amended agreement (hereinafter the Covanta amended agreement), extending the existing agreement with Covanta through December 2024, and modifying the scope of services to [*2]be provided by Covanta to include the operation of transfer stations and the transportation of solid waste. The contract with Trinity expired by its terms.
Trinity commenced this proceeding pursuant to CPLR article 78 against the Town, the Town Board, and Covanta, seeking to annul the resolution and to declare the resulting Covanta amended agreement null and void. Trinity alleged, inter alia, that the Covanta amended agreement violated General Municipal Law § 120-w and provisions of the State Environmental Quality Review Act (hereinafter SEQRA). In their answers, Covanta and the Town and Town Board asserted, inter alia, that Trinity lacked standing to bring a challenge under General Municipal Law § 120-w and under SEQRA, and that, in any event, the Covanta amended agreement was authorized under General Municipal Law § 120-w. Alternatively, they asserted that the Covanta amended agreement was not subject to competitive bidding laws because the modified scope of work was not a new undertaking but rather incidental to the original agreement with Covanta. In a judgment dated April 29, 2016, the Supreme Court granted the petition, annulled the resolution, and declared the Covanta amended agreement null and void. The Town and Town Board appeal, and Covanta separately appeals.
We agree with the Supreme Court's determination that although Trinity lacked standing under SEQRA (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-774; Matter of Board of Fire Commrs. of the Fairview Fire Dist. v Town of Poughkeepsie Planning Bd., 156 AD3d 621, 622), it nonetheless possessed the requisite standing to challenge the process by which the Covanta amended agreement was executed under General Municipal Law § 120-w. Standing in matters such as this attaches not only to unsuccessful bidders but also to those claiming that statutory violations effectively prevented them from submitting any bids at all (see Matter of Hornblower Yachts, LLC v Harvey, 121 AD3d 1513; Albert Elia Bldg. Co. v New York State Urban Dev. Corp., 54 AD2d 337). "Inasmuch as unsuccessful bidders have standing, it would be illogical to deny standing to one who claims that the violation of the statute prevented [it] from entering any bid at all" (Albert Elia Bldg. Co. v New York State Urban Dev. Corp., 54 AD2d at 342 [citation and internal quotations marks omitted]). Here, we agree with the court's determination that Trinity's claim that it was deprived of an opportunity to participate in a competitive procurement process by virtue of the Town's violation of General Municipal Law § 120-w was sufficient to confer standing.
Turning to the merits of Trinity's claim, General Municipal Law § 120-w(4)(e) provides that a municipality seeking to enter into a contract related to the transportation and disposal of solid waste must comply with the competitive bidding requirements set forth in General Municipal Law §§ 101 and 103 or, alternatively, with the "request for proposals" procedure set forth in subdivision (4)(e). Here, it is undisputed that the Town did not engage in any procedure prior to authorizing the Covanta amended agreement. While the Town asserts that it was exempt from doing so by virtue of General Municipal Law § 120-w(4)(b), this contention is without merit.
While subdivision (4)(b) permits municipalities that have previously awarded a contract to make "amended, supplemental, new, additional or further . . . agreements with . . . the same or any other person," it does not authorize the municipality to forego required competitive procurement procedures. Rather, subdivision (4)(b) expressly requires that any such "amended, supplemental, new, additional or further . . . agreements" be made "in accordance with the requirements and conditions of this section." We agree with the Supreme Court's determination that the referenced "requirements and conditions" includes the competitive procurement procedures set forth in subdivision (4)(e). We find that this conclusion best comports with the legislative intent behind General Municipal Law § 120-w (see General Municipal Law § 120-w[4][e]), as well as the broader legislative intent behind all competitive bidding statutes, of fostering a fair and competitive procurement process.
We also agree with the Supreme Court's determination that the changes to the scope of services to be provided by Covanta under the Covanta amended agreement were not incidental to the original agreement, such that it was exempt from competitive procurement (see Town of Angelica v Smith, 89 AD3d 1547, 1551; Albert Elia Bldg. Co. v New York State Urban Dev. Corp., 54 AD2d at 342).
Based on the foregoing, we agree with the Supreme Court's determination to grant the petition, annul the resolution, and declare the Covanta amended agreement null and void.
AUSTIN, J.P., ROMAN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court