Weinberg v Picker (2019 NY Slip Op 03400)





Weinberg v Picker


2019 NY Slip Op 03400


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-07542
 (Index No. 510746/15)

[*1]Seymour Weinberg, appellant-respondent, 
v
Barry Picker, et al., respondents-appellants.


Heller Horowitz & Feit, P.C., New York, NY (Stuart A. Blander and Eli Feit of counsel), for appellant-respondent.
Finkelstein Filler, LLP, Staten Island, NY (Edward R. Finkelstein of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and conversion, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated April 24, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. The order, insofar as cross-appealed from, in effect, searched the record and awarded the plaintiff summary judgment dismissing the counterclaims.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the defendants' motion which were for summary judgment dismissing the second, third, and fifth causes of action, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof, in effect, searching the record and awarding the plaintiff summary judgment dismissing the first, second, and third counterclaims; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff, the defendant Barry Picker, and the defendant Meshulem Auerbach were equal partners in the defendant Picker, Weinberg & Auerbach, P.C. (hereinafter the former P.C.), an accounting firm, until August 1, 2009. Thereafter, the plaintiff ceased being a partner in the former P.C., and Picker and Auerbach formed a new accounting firm, the defendant Picker & Auerbach. Subsequently, in 2014, the former P.C. commenced an action (hereinafter the small claims action) in the Small Claims Part of the Civil Court of the City of New York (hereinafter the small claims court) against the plaintiff. In the small claims action, the plaintiff interposed a counterclaim against the former P.C., seeking to recover "[p]ayments made from [his] clients to [the former P.C. which were] not paid." The small claims court entered a judgment dated August 5, 2015, dismissing the P.C.'s claim and the plaintiff's counterclaim. As to the plaintiff's counterclaim, the small claims court, in its decision, also dated August 5, 2015, found that the plaintiff had failed to substantiate his claim that the former P.C. funded unauthorized trips taken by Picker's daughter.
Thereafter, in September 2015, the plaintiff commenced this action against Picker, Auerbach, Picker & Auerbach, and the former P.C. In the first cause of action, the plaintiff alleged [*2]that the defendants had failed to pay him his one-third share of the monies received by the former P.C. from the plaintiff's clients as a result of the defendants' conversion of such funds and their breach of the parties' agreement. The second cause of action sought an accounting from the former P.C. and its members. With respect to the third cause of action, the plaintiff alleged that Auerbach and Picker, as partners and shareholders in a closely held professional corporation, breached their fiduciary duty to him. In the fourth cause of action, the plaintiff alleged that Picker and Auerbach fraudulently represented that no receivables had been collected and that he relied on such misrepresentation. The plaintiff further alleged, in his fifth cause of action, that Picker and Auerbach fraudulently transferred receivables to their new firm, Picker & Auerbach, in violation of Debtor and Creditor Law article 10.
The defendants answered the complaint and interposed four counterclaims, alleging that the plaintiff owed Auerbach $40,000 for a loan the plaintiff never repaid, that Picker lost $25,000 which he was induced by the plaintiff to invest in a limited liability company in which the plaintiff was a managing member, that the plaintiff was liable to Picker for defamation per se, and that the plaintiff breached his fiduciary duties to Picker and Auerbach by collecting fees for accounting services performed by the former P.C. and/or by the plaintiff prior to his departure from the former P.C. Subsequently, the defendants moved for summary judgment dismissing the complaint on the ground that this action was barred by the doctrines of res judicata and collateral estoppel predicated upon the small claims action, and to sever and continue their counterclaims against the plaintiff. The plaintiff opposed the motion and cross-moved to compel certain discovery.
The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint, denied that branch of the motion which was to sever and continue the counterclaims, and, in effect, searched the record and awarded the plaintiff summary judgment dismissing the counterclaims. The court found that the judgment rendered by the small claims court barred the first, second, and fifth causes of action and the defendants' fourth counterclaim pursuant to the doctrines of res judicata and collateral estoppel. With respect to the third and fourth causes of action and the first and second counterclaims, the court found that those causes of action and counterclaims would require piercing the corporate veil and that the parties failed to allege facts to justify piercing the corporate veil. The court also found that the plaintiff was entitled to dismissal of the third counterclaim, inter alia, as barred by the statute of limitations. Further, the court denied the plaintiff's cross motion. The plaintiff appeals from so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint, and the defendants cross-appeal from so much of the order as, in effect, searched the record and awarded the plaintiff summary judgment dismissing the counterclaims.
New York City Civil Court Act § 1808, as amended in 2005 (L 2005, ch 443, § 1), provides that a small claims court judgment "shall not be deemed an adjudication of any fact at issue or found therein in any other action or court." The legislative history for the 2005 amendment clearly indicates that this language refers to "issue preclusion" (Mem of Assembly Sponsor, Bill Jacket, L 2005, ch 443 [internal quotation marks omitted]; see Merrimack Mut. Fire Ins. Co. v Alan Feldman Plumbing & Heating Corp., 102 AD3d 754, 754). Thus, the prior small claims court judgment does not have preclusive effect under the doctrine of collateral estoppel (see NY City Civ Ct Act § 1808; Merrimack Mut. Fire Ins. Co. v Alan Feldman Plumbing & Heating Corp., 102 AD3d at 754; cf. McGee v J. Dunn Constr. Corp., 54 AD3d 1010, 1010; Katzab v Chaudhry, 48 AD3d 428).
"The doctrine of res judicata provides that once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy'" (Matter of Board of Fire Commrs. of the Fairview Fire Dist. v Town of Poughkeepsie Planning Bd., 156 AD3d 624, 627, quoting O'Brien v City of Syracuse, 54 NY2d 353, 357; see Matter of Hunter, 4 NY3d 260, 269; Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347-348). "The doctrine of res judicata bars a party from relitigating any claim which could have been or should have been litigated in a prior proceeding" (Matter of Board of Fire Commrs. of the Fairview Fire Dist. v Town of Poughkeepsie Planning Bd., 156 AD3d at 627).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the first cause of action by showing that the issue underlying the first cause of action, seeking to recover damages for conversion and breach of the parties' agreement, could have been litigated in the small claims action against the former P.C. or those in privity therewith. The plaintiff failed to raise a triable issue of fact in opposition. Consequently, we agree with the Supreme Court's conclusion that the doctrine of res judicata barred the first cause of action (see Bayer v City of New York, 115 AD3d 897).
However, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the second and fifth causes of action on the basis of the doctrine of res judicata. Small claims matters only encompass causes of action for money (see NY City Civ Ct Act § 1801). Since the relief sought in the second and fifth causes of action was equitable in nature, the plaintiff could not have interposed counterclaims for that relief in the small claims action. Consequently, the defendants did not meet their prima facie burden of demonstrating their entitlement to judgment as a matter of law dismissing those two causes of action on the basis of the doctrine of res judicta (see e.g. Mormon v Acura of Val. Stream, 190 Misc 2d 697, 698 [App Term, 2d Dept]; see generally Matter of Board of Fire Commrs. of the Fairview Fire Dist. v Town of Poughkeepsie Planning Bd., 156 AD3d at 627). Furthermore, to the extent the defendants contend that those two causes of action were subject to dismissal on the basis of the doctrine of collateral estoppel, the prior small claims court judgment does not have preclusive effect (see NY City Civ Ct Act § 1808).
In addition, "[t]he elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (Rut v Young Adult Inst., Inc., 74 AD3d 776, 777). Contrary to the Supreme Court's finding, it is not necessary to pierce the corporate veil in order to maintain a cause of action alleging breach of fiduciary duty against former partners in a professional corporation. Accordingly, the defendants did not meet their prima facie burden of demonstrating their entitlement to judgment as a matter of law dismissing the third cause of action, alleging breach of fiduciary duty.
We agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the fourth cause of action, alleging fraud, as that cause of action was duplicative of the breach of contract cause of action (see Weatherguard Contrs. Corp. v Bernard, 155 AD3d 921, 922).
However, the Supreme Court should not have, in effect, searched the record and awarded the plaintiff summary judgment dismissing the first, second, and third counterclaims. Since "[a] motion for summary judgment must be addressed to one or more specific causes of action or defenses" (Conroy v Swartout, 135 AD2d 945, 947), a court may search the record and grant summary judgment in favor of a nonmoving party only with respect to a cause of action or issue that is the subject of the motions before the court (see Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430). "Apart from considerations of simple fairness, allowing a summary judgment motion by any party to bring up for review every claim and defense asserted by every other party would be tantamount to shifting the well-accepted burden of proof on summary judgment motions" (id. at 430). Since, here, neither party moved for summary judgment with respect to the counterclaims and none of the issues raised in the first, second, or third counterclaims were litigated in the summary judgment motion, or the small claims action, the Supreme Court should not have, in effect, searched the record and awarded the plaintiff summary judgment dismissing those counterclaims (see Marshall v New York City Health & Hosps. Corp., 186 AD2d 542, 543-544).
However, the defendants' motion presented to the Supreme Court the issue of whether the causes of action that were raised in the small claims court had preclusive effect upon the causes of action in this action under the doctrine of res judicata. In small claims court, the former P.C. litigated a claim that the plaintiff had failed to turn over monies owing to it. Consequently, we agree with the Supreme Court's holding that the fourth counterclaim, alleging that the former P.C. was owed money by the plaintiff, is barred by the doctrine of res judicata (see generally Schwarz v [*3]Schwarz, 150 AD3d 915), and with the Supreme Court's determination to, in effect, search the record and award the plaintiff summary judgment dismissing the fourth counterclaim.
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court